01 SEP 25 PM 1:06

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| VEETTA WELLINGTON, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | CASE NO. CV 00-B-0917-NE |
| } | |
| CRAVEN H. CROWELL, JR., et al., } | |
| } | ENTERED |
| Defendants. } | |
| | SEP 2 5 2001 |

## MEMORANDUM OPINION

Currently before the court is Plaintiff VeEtta Wellington's Motion to Amend Complaint. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 (1994 & Supp. V 1999), and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* (1994), advancing a number of claims of employment discrimination. Plaintiff now seeks to amend her original complaint, filed on April 7, 2000, to include disability discrimination violations under the Rehabilitation Act of 1973.

On July 31, 2000, the court entered a scheduling order stating that "[t]his order governs further proceedings in this action unless modified for good cause shown." It provided that plaintiff was "allowed until August 28, 2000, to join additional parties and to amend the pleadings." However, plaintiff did not file her Motion to Amend Complaint until March 20, 2001, over 180 days after the deadline imposed by the court. Because the court has already entered the scheduling order, plaintiff's ability to amend her complaint is governed by Federal Rules of Civil Procedure Rule 16(b), rather than Rule 15(a). *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Scheduling orders are integral means for coping with the court's case management responsibilities. *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 507, 510

58

(S.D. Iowa 1992). It "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (citation omitted). "Such orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved." *Kramer v. Boeing Co.*, 126 F.R.D. 690, 697 (D. Minn. 1989). A motion filed after the deadline stated in the scheduling order is untimely and may be denied. *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that district court properly dismissed a motion for summary judgment filed after the scheduling order deadline).

Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." In the matter at hand, plaintiff must show "good cause" why the deadline to amend the complaint should be modified to allow her to assert claims under the Rehabilitation Act. As justification for this motion, plaintiff argues that defendants would not be prejudiced by the amendment, because its practical effect is merely to substitute a Rehabilitation Act claim for an Americans with Disabilities Act claim, both of which require the same proof. Plaintiff's argument is not persuasive. In *Johnson v. Mammoth Recreations, Inc.*, the court stated:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."

975 F.2d at 604, 609 (9th Cir. 1992) (citations omitted). Plaintiff has not shown good cause, because she cannot show that the deadline could not reasonably have been met despite her exercise of due diligence. Defendants' answer, filed June 9, 2000, informed plaintiff that the

2

ADA does not apply to the Tennessee Valley Authority ("TVA"). (Defs.' Ans. ¶ 22.) Consequently, the scheduling order's deadline allowed plaintiff over six weeks from the time defendants informed her of the futility of her ADA claim to amend her complaint. Plaintiff's failure to pay attention to defendants' answer and their responses to discovery is not consistent with due diligence. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. As the law makes clear, "[i]f [the] party was not diligent, the inquiry should end." 975 F.2d at 609.

The decision in *Johnson* is on point with the instant case. In *Johnson*, counsel for plaintiff had failed to "pay attention" to responsive pleadings and answers to discovery in which he was informed of the identity of the proper defendants. In finding that the district court had not abused its discretion in denying plaintiff's motion to amend to add the proper defendants after the deadline specified in the Rule 16(b) scheduling order, the Ninth Circuit determined that such relief is unavailable to litigants who miss the deadline to seek leave to amend due to their own carelessness:

> The burden was upon Johnson to prosecute his case properly. He cannot blame Mammoth Recreations for his failure to do so. The simple fact is that his attorney filed pleadings and conducted discovery but failed to pay attention to the responses they received. That is precisely the kind of case management that Rule 16 is designed to eliminate. It is one of the reasons that the district courts have been forced to assume the burdens of case management themselves.
>
> In short, Johnson failed to establish "good cause" for modifying the pretrial scheduling order. The district court did not abuse its discretion when it denied his motion to amend—a motion made four months after the cut-off date for amendment had expired.

975 F.2d at 610.

3

Plaintiff's contention that defendants would not be "prejudiced" by an amendment to add a Rehabilitation Act claim after the deadline imposed by the scheduling order is not a substitute for "good cause." *Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications."); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D. Ind. 1990) ("It is apparent, however, that neither the plaintiff's explanation, nor the asserted absence of prejudice to the defendants, suffices as a showing of 'good cause' for modifying the June 1, 1989 deadline under Rule 16(b).").

Here, plaintiff has not shown good cause for her failure to amend her complaint within the deadline set by the court in its scheduling order. Her motion to amend the complaint filed over 180 days after the Rule 16(b) scheduling order's deadline is untimely, and consequently, due to be denied. *Johnson*, 975 F.2d at 607-10 n.7; *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985). *See also Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988).

Additionally, plaintiff's motion will not be granted because to do so would be futile. The Supreme Court has held that in reviewing motions for leave to amend the district court should consider as a factor the "futility of [the proposed] amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility encompasses situations, like the instant case, where the proposed amendment would not survive a motion for summary judgment or a motion to dismiss. In *Estate of Porter*, the 7th Circuit stated:

> Our cases make plain that a "district court does not abuse its discretion in denying a motion to amend when amending the

4

> pleading would be a futile act." *Wilson*, 874 F.2d at 392 (citation omitted). "An amendment is a 'futile gesture' if the amended pleading could not survive a motion for summary judgment." *Id.* (citing *Collyard v. Washington Capitals*, 477 F. Supp. 1247, 1249 (D. Minn. 1979)). We have already considered the additional allegations contained in the proposed amended complaint and determined that they could not survive a motion for summary judgment.

36 F.3d 684, 690 (7th Cir. 1994). *Accord Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989) ("The Wilsons' amendment here would have been just a futile act, since their amended pleading could not have survived a summary judgment motion.").

Plaintiff's motion to amend is futile because the court has granted defendants' second and third motions for summary judgment and will be entering an order dismissing this case. Granting the motion to amend to change the legal basis for plaintiff's disability discrimination claims from the ADA to the Rehabilitation Act would not change that result. There is insufficient evidence upon which a reasonable jury could find the defendants liable under the Rehabilitation Act. Therefore, plaintiff's Motion to Amend Complaint is due to be denied.

An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 25th day of September, 2001.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge